FILED

2021 Mar-12  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **DAVINA HOWZE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:19-cv-01944-CLM** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Davina Howze seeks disability, disability insurance, and Supplemental Security Income ("SSI") from the Social Security Administration ("SSA") based on several impairments. The SSA denied Howze's application in an opinion written by an Administrative Law Judge ("ALJ"). The Appeals Council then denied Howze's request for review without exhibiting new evidence that Howze submitted to it. Howze argues: (1) the ALJ erred in determining her residual functional capacity ("RFC"), (2) the ALJ erred in evaluating her subjective pain testimony, (3) the vocational expert's testimony shows that substantial evidence does not support the ALJ's decision, and (4) the Appeals Council erred in refusing to consider a physical capacities evaluation from Howze's rheumatologist.

As detailed below, neither the ALJ nor the Appeals Council reversibly erred. So the court will **AFFIRM** the SSA's denial of benefits.

1

## I.    Statement of the Case

### A.    Howze's Disability, as told to the ALJ

Howze was 45 years old at the time of the ALJ's decision. R. 23, 297. And she has past work experience as an assembler of small parts and de-boner of poultry. R. 21, 177.

At the ALJ hearing, Howze testified that she cannot stand for long periods of time because of pain and numbness in her right leg. R. 169–70. Howze also reported neck and joint pain and said that she will sometimes have "lazy days" where she just lays down and sits for most of the day. R. 170. Howze then stated that she: (1) can sit still for only 30 minutes until she has to adjust her position, (2) can stand for only 10 to 15 minutes, and (3) can lift and carry around 10 to 15 pounds. R. 170–71.

Howze watches a grandson from 10:00 pm to 7:00 am each day, goes to church every Sunday, and plays cards at the community center twice a week. R. 347, 350. And Howze told the consultative medical examiner that she "performs routine household chores and enjoys working on the computer." R. 461.

### B.    Determining Disability

The SSA has created the following five-step process to determine whether an individual is disabled and thus entitled to benefits under the Social Security Act:

| The 5-Step Test | | |
|---|---|---|
| Step 1 | Is the Claimant engaged in substantial gainful activity? | If yes, claim denied. If no, proceed to Step 2. |

| Step 2 | Does the Claimant suffer from a severe, medically-determinable impairment or combination of impairments? | If no, claim denied. If yes, proceed to Step 3. |
|--------|---------------------------------------------------------------------------------------------------------|-------------------------------------------------|
| Step 3 | Does the Step 2 impairment meet the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appx. 1? | If yes, claim granted. If no, proceed to Step 4. |
| | *Determine Residual Functional Capacity* | |
| Step 4 | Does the Claimant possess the residual functional capacity to perform the requirements of his past relevant work? | If yes, claim denied. If no, proceed to Step 5. |
| Step 5 | Is the Claimant able to do any other work considering his residual functional capacity, age, education, and work experience? | If yes, claim denied. If no, claim granted. |

*See* 20 C.F.R. §§ 404.1520(a), 404.1520(b) (Step 1); 20 C.F.R. § 404.1520(c) (Step 2); 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 (Step 3); 20 C.F.R. § 404.1520(e-f) (Step 4); 20 C.F.R. § 404.1520(g) (Step 5). As shown by the gray-shaded box, there is an intermediate step between Steps 3 and 4 that requires the ALJ to determine a claimant's RFC which is the claimant's ability to perform physical and mental work activities on a sustained basis.

## C. Howze's Application and the ALJ's Decision

The SSA reviews applications for disability benefits in three stages: (1) initial determination, including reconsideration; (2) review by an ALJ; and (3) review by the SSA Appeals Council. *See* 20 C.F.R. § 404.900(a)(1-4).

3

Howze applied for disability insurance benefits, a period of disability, and SSI in June 2016, claiming that she was unable to work because of various ailments, including Systemic Lupus Erythematosus, rheumatoid arthritis, diabetes mellitus, obesity, cervical degenerative disc disease, carpal tunnel syndrome, hypertension, obstructive sleep apnea, and depression. After receiving an initial denial in October 2016, Howze requested a hearing, which the ALJ conducted in September 2018. The ALJ ultimately issued an opinion denying Howze's claims in November 2018. R. 13–23.

At Step 1, the ALJ determined that Howze was not engaged in substantial gainful activity and thus her claims would progress to Step 2. R. 15.

At Step 2, the ALJ determined that Howze suffered from the following severe impairments: Systemic Lupus Erythematosus, rheumatoid arthritis, diabetes mellitus, obesity, and cervical degenerative disc disease. R. 15–18.

At Step 3, the ALJ found that none of Howze's impairments, individually or combined, met or equaled the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. R. 18. Thus, the ALJ next had to determine Howze's RFC.

The ALJ determined that Howze had the RFC to perform a full range of sedentary work as defined in 20 CFR §§ 404.1567(a), 416.967(a). R. 18–21.

At Step 4, the ALJ found that Howze could not perform her past relevant work. R. 21. At Step 5, the ALJ determined that under Medical Vocational Rule 201.27, Howze could perform jobs that exist in significant numbers in the national economy and thus Howze was not disabled under the Social Security Act. R. 22.

### D.   The Appeals Council's Decision

Following the ALJ's decision, Howze continued to receive treatment from her rheumatologist, Dr. Vishla Chindalore. And in July 2019—8 months *after* the ALJ's decision—Dr. Chindalore filled out a physical capacities form for Howze. R. 68. In the physical capacities form, Dr. Chindalore circled that Howze would miss more than 7 days in a 30-day period and be off task 30% of the time in an 8-hour day. *Id.*

Howze requested an Appeals Council review of the ALJ's decision, based in part, on the physical capacities form from Dr. Chindalore. The Appeals Council declined to consider the physical capacities form finding that it did "not relate to the period at issue." R. 2. Because the Appeals Council declined to consider this new evidence and found no other reason to review the ALJ's opinion, the ALJ's decision became the final decision of the Commissioner.

## II.   Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of the court's review is limited to (a) whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g);

*Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and (b) whether the ALJ applied the correct legal standards, *see Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158.

## III.   Legal Analysis

Howze's appeal raises four issues. The first three issues relate to the ALJ's RFC determination and evaluation of Howze's claims at Step 5 of the sequential evaluation process. The final issue relates to the Appeals Council's denial of Howze's request for review and has two parts: (a) the Appeals Council erred when it found that Dr. Chindalore's physical capacities form was not chronologically relevant, and (b) once this "new evidence" is considered alongside the evidence presented to the ALJ, the decision to deny benefits is not supported by substantial evidence. The court addresses each argument in turn.

### A.   Substantial evidence supports the ALJ's RFC determination.

Howze first argues that the ALJ erred because: (a) his RFC finding that she can perform a full range of sedentary work is not supported by substantial evidence, and (b) he violated SSR 96-8p by not specifically discussing Howze's ability to perform sustained work activities on a function-by-function basis.

6

1. <u>Sedentary work RFC</u>: The SSA's regulations define sedentary work as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 CFR §§ 404.1567, 419.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

The SSA has further explained that sedentary jobs will entail no significant stooping and that "[m]ost unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." *See* SSR 83-10, 1983 WL 31251. And those assigned a sedentary work-level RFC should generally stand/walk "no more than about 2 hours of an 8-hour workday." *Id.*

The court rejects Howze's argument that the ALJ's full range of sedentary work RFC determination is not supported by substantial evidence. As the ALJ noted, none of Howze's treatment notes suggest that Howze's doctors have limited her activities. R. 21. And Howze's rheumatologist consistently noted that Howze's rheumatoid arthritis was doing well and that her lupus was stable. *See, e.g.*, R. 549, 552, 555, 567. Plus, Howze told her pain management doctors that her pain medication reduced her pain by as much as 40%. R. 675. To be sure, Howze's pain management doctor prescribed her a cane. R. 801. But a person "using a medically

required hand held assistive device can perform sedentary work, depending on the facts and circumstances of the case." *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 895 (11th Cir. 2010). A reasonable person could look at these treatment notes and determine that they support the ALJ's finding that Howze could perform a full range of sedentary work. So the court finds that substantial evidence supports the ALJ's RFC determination.

2. SSR 96-8p: Howze also argues that the ALJ erred by not identifying her work-related abilities on a function-by-function basis. SSR 96-8p requires an RFC assessment to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184. Only after an ALJ conducts that analysis, may the claimant's RFC "be expressed in terms of exertional levels of work." *See id.* At least two unpublished Eleventh Circuit opinions have stated that an ALJ meets this requirement by discussing the relevant evidence in the record and citing a regulation that defines the exertional demands of the claimant's RFC. *See Casteel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Freeman v. Barnhart*, 220 F. App'x 957, 959–60 (11th Cir. 2007).

The court recognizes that the ALJ could have been more explicit in describing Howze's functional limitations. But the ALJ's decision thoroughly discusses Howze's medical records, evidence of Howze's daily life activities, and Howze's

hearing testimony. R. 18–21. Plus, the ALJ cited the regulations that define the exertional demands of sedentary work. R. 18. Thus, under Eleventh Circuit case law, the ALJ satisfied the requirements of SSR 96-8p. *See Casteel*, 355 F. App'x at 263; *Freeman*, 220 F. App'x at 959–60.

Howze, however, seems to argue that SSR 96-8p requires an ALJ to rely on a physical capacities evaluation when evaluating a claimant's functional limitations. But at the hearing level, the ALJ, and not doctors, has the sole responsibility of assessing a claimant's RFC. 20 CFR § 404.1546(c). And Howze does not specify any functional limitation that she has that the ALJ failed to consider. Nor does Howze point to any relevant evidence that the ALJ did not consider. So the court finds that the ALJ's RFC determination satisfied SSR 96-8p.

### B.    The ALJ correctly applied the pain standard.

Howze next argues that the ALJ erred in evaluating her subjective pain testimony. An ALJ must apply the two-step "pain standard" to subjective testimony regarding pain. Under this standard, the claimant must first present "evidence of an underlying medical condition." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If she does, the claimant must then either: (a) present "objective medical evidence confirming the severity of the alleged pain," or (b) show "that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *See id.* When the ALJ refuses to credit the claimant's subjective

pain testimony, "he must articulate explicit and adequate reasons" for doing so. See *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

At the ALJ hearing, Howze testified that she cannot stand for long periods of time because of pain and numbness in her right leg. R. 169–70. Howze also reported neck and joint pain and said that she will sometimes have "lazy days" where she just lays down and sits for most of the day. R. 170. Howze then stated that she: (1) can sit still for only 30 minutes until she has to adjust her position, (2) can stand for only 10 to 15 minutes at a time, and (3) can lift and carry around 10 to 15 pounds. R. 170–71.

The ALJ found that Howze's medically determinable impairments could reasonably be expected to cause her alleged symptoms. But he determined that her statements about the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical and nonmedical evidence in the record. Howze argues that the ALJ's application of the pain standard was deficient because: (1) her lupus can have phases of worsening symptoms that alternate with mild symptoms, and (2) her impairments were objective causes of pain and weakness.

The ALJ correctly applied the pain standard and substantial evidence supports his credibility determination. In considering Howze's subjective allegations of pain, the ALJ discussed both the function report that Howze filled out with disability services and her testimony at the ALJ hearing. R. 19. The ALJ then found that

Howze's daily life activities and the objective medical evidence contradicted the severity of pain that Howze described. R. 19–21.

As the ALJ noted, Howze reported a wide range of daily life activities in her function report. For example, Howze watches a grandson from 10:00 pm to 7:00 am each day, goes to church every Sunday, and plays cards at the community center twice a week. R. 347, 350. And Howze told the consultative medical examiner that she "performs routine household chores and enjoys working on the computer." R. 461. This evidence of Howze's daily activities, combined with the evidence from Howze's treatment notes that her conditions were well managed, provide substantial evidence to support the ALJ's credibility determination.

### C.   Vocational expert's testimony does not require more restrictive RFC.

Howze also argues that the ALJ's finding at Step 5 was not supported by substantial evidence because when questioned by Howze's attorney, the vocational expert stated that Howze could not work if she was: (1) off task for greater than 15% of the workday, and (2) regularly missed three or more days of work per month. In making this argument, Howze notes that the ALJ asked the vocational expert no questions about an individual with Howze's hypothetical RFC. *See* R. 176–78. Instead, the ALJ looked to the Medical Vocational Guideline grids and found that a finding of "not disabled" was directed by Medical Vocational Rule 201.27, R. 22,

which provides that unskilled, high school graduates age 18 to 44 are not disabled if they can perform a full range of sedentary work. *See* 20 CFR 404, Part P, Appx. 2.

In general, after determining a claimant's RFC and inability to return to her past relevant work, the ALJ may use the grids "to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). But an ALJ must consult a vocational expert *either* (a) when the claimant cannot perform a full range of work at a given residual functional level, *or* (b) when the claimant has non-exertional impairments that significantly limit basic work skills. *See id.*

The ALJ explicitly found that Howze could perform a full range of sedentary work. R. 18. And Howze has not argued, much less shown, that she has a non-exertional impairment that significantly limits her basic work skills. Nor has Howze asserted that the ALJ applied the wrong grid in finding her not disabled. Instead, Howze seems to be arguing that the ALJ had to incorporate in her RFC the limitations identified in her attorney's questions to the vocational expert. But the medical records and daily life activity evidence discussed above provide substantial evidence to support the ALJ's decision to not include these limitations in Howze's RFC. So Howze's vocational expert argument fails.

**D.     The Appeals Council did not reversibly err.**

Howze finally argues that the Appeals Council erred when it failed to consider new evidence from Dr. Chindalore.[1] The Appeals Council does not have to review an ALJ's denial of benefits. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). "But the Appeals Council must consider new, material, and chronologically relevant evidence that the claimant submits." *Id.* (quotations and citations omitted).

1. <u>Background</u>: Dr. Chindalore has been Howze's rheumatologist since November 2013. R. 546. In July 2019 (*i.e.*, 8 months after the ALJ issued his hearing decision), Dr. Chindalore filled out a 1-page physical capacities form on Howze. R. 68. In the physical capacities form, Dr. Chindalore circled that Howze would need "to be lying down, sleeping, or sitting with legs propped up at waist level or above" for 6 to 7 out of 8 hours in an 8-hour workday. R. 68. She also said that Howze would miss more than 7 days in a 30-day period and be off task 30% of the time in an 8-hour day. R. 68. Dr. Chindalore said that these limitations existed back to Howze's disability onset date; that Howze's lupus and rheumatoid arthritis caused these limitations; and that Howze's medications could cause insomnia, dry eyes/mouth, and other eye side effects. R. 68.

---

[1] Howze does not argue that the Appeals Council erred in rejecting her other newly submitted evidence.

Howze's attorney submitted this 1-page physical capacities form to the Appeals Council, but the Appeals Council refused to consider it, finding that Dr. Chindalore's statements were not chronologically relevant. R. 2.

2. <u>Chronological Relevance</u>: Opinions written after an ALJ's decision are chronologically relevant if based on ailments that relate back to the period before the ALJ's decision. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322–23 (11th Cir. 2015). But check-the-box forms are not chronologically relevant if: (1) the evidence does not show that the claimant's doctor evaluated her past medical records to fill out the form, and (2) the doctor did not begin to treat the claimant until several years after the date he said her limitations began. *See Hargress v. Soc. Sec. Admin. Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018).

Like the check-the-box form in *Hargress*, the only thing tying Dr. Chindalore's opinion to the relevant timeframe is Dr. Chindalore responding "yes" to a question about whether Howze's limitations dated to her alleged disability onset date. And in *Hargress*, the Eleventh Circuit said that a claimant needs to show more to establish that a doctor's opinion related to the period before the ALJ's hearing decision. *See id.* at 1310. Because Howze has not pointed to evidence that Dr. Chindalore reviewed medical records from the relevant period when forming the opinion expressed in the physical capacities form, the court finds that the Appeals Council correctly found the physical capacities form chronologically irrelevant.

3. <u>Materiality</u>: Even if the physical capacities form was chronologically relevant, the court can affirm the Appeals Council's decision to decline review if the physical capacities form was not material. *See Raices v. Comm'r of Soc. Sec.*, 805 F. App'x 836, 837 (11th Cir. 2020). New evidence submitted to the Appeals Council is material if "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 CFR § 404.970(a).

The court finds that the physical capacities form provides no basis for the ALJ to change his decision. When filling out the form, Dr. Chindalore included no explanation to show that Howze's lupus and rheumatoid arthritis cause the extreme limitations identified. R. 68. And the limitations identified by Dr. Chindalore contradict the treatment notes from Dr. Chindalore considered by the ALJ, which consistently state that Howze's rheumatoid arthritis was doing well and that her lupus was stable. *See, e.g.*, R. 549, 552, 555, 567.

Although Howze argues that treatment notes from Dr. Chindalore submitted for the first time to the Appeals Council support the conclusions in the physical capacities form, the court disagrees. Dr. Chindalore's treatment notes from January 2019 say that Howze's rheumatoid arthritis is doing well and that her is lupus is stable and doing well on current medicine. R. 61. And July 2018 treatment notes from Dr. Chindalore say that her examination revealed that Howze had either good or normal ranges of motion in all extremities. R. 161. The ALJ considered similar

treatment notes from Dr. Chindalore when fashioning Howze's RFC. R. 20. The court thus highly doubts that the ALJ would have found these treatment records to support the extreme limitations identified in the physical capacities form. So the court determines that the physical capacities form was not material.

* * *

In summary, the physical capacities form was not chronologically relevant or material. So the Appeals Council did not have to consider the physical capacities from when assessing Howze's request for review. Because the Appeals Council did not have to consider the physical capacities form, the court need not reach Howze's argument that once the physical capacities form is considered, the ALJ's decision is not supported by substantial evidence. *Hargress*, 883 F.3d at 1310.

## IV.    Conclusion

In summary, the ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision, and the Appeals Council did not err in denying Howze's request for review. So the SSA's denial of benefits is due to be **AFFIRMED**. The court will enter a separate final order that closes this case.

**DONE** this March 12, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE